UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

2009 AUG 27 PM 3:48

| | |
|---|---|
| ALERT SECURITY & PATROL, LLC d/b/a ASPI )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>EPANDCO HOLDINGS, LLC and )<br>NATIONWIDE MUTUAL )<br>INSURANCE COMPANY )<br>)<br>Defendants. ) | Case No.: 3 09 0785<br><br>JURY DEMAND   JUDGE TRAUGER |

# COMPLAINT

Plaintiff Alert Security & Patrol, LLC d/b/a ASPI ("ASPI") for its Complaint against Defendants alleges as follows:

## I. INTRODUCTION

At its foundation this is a collection action. Plaintiff ASPI provided twenty-four (24) hour security surveillance services to Defendants from June 14, 2008 through February 2, 2009 and Defendants have failed and/or refused to pay for the services rendered. In addition, the Defendants are liable for several other causes of action arising out of and in conjunction with their refusal to pay, including insurance fraud pursuant to Tenn. Code Ann. 56-53-101 *et seq.* and violation of the Tennessee Consumer Protection Act of 1977.

## II. PARTIES

1. At all times material hereto, ASPI was a licensed and insured security company, organized under the laws of Tennessee, and having a principal place of business at 134 Academy

Street, P.O. Box 100413, Nashville, Tennessee 37210. For purposes of this lawsuit, ASPI may be served upon undersigned counsel.

2. Defendant Epandco Holdings, LLC ("Epandco") is a for-profit Limited Liability Company, organized under the laws of Delaware, and having a principal place of business at 18653 Ventura Boulevard, #267 Tarzana, California 91356. Epandco may be served upon its Tennessee Registered Agent, Irene Barrera, at 2121 26th Avenue North, Nashville, Tennessee 37028. Epandco may also be served upon its Delaware Registered Agent, Delaware Registered Agents and Incorporators, L.L.C. at 400 West Ninth Street, Suite 305, Wilmington, Delaware 19801.

3. Defendant Nationwide Mutual Insurance Company ("Nationwide"), upon information and belief, is a private subsidiary and/or affiliate of Nationwide Insurance Company and is a direct property and casualty insurance carrier. Nationwide is a for-profit corporation organized under the laws of Ohio, and having its principal place of business at One Nationwide Plaza, Columbus, Ohio 43216. At all material times hereto, Nationwide was doing business and writing insurance policies in Tennessee as an Insurer. Nationwide may be served at its principal place of business and upon its Registered Agent, Leslie A. Newman, Commissioner of the Tennessee Department of Commerce and Insurance, located at 500 James Robertson Parkway, 5th Floor, Nashville, Tennessee 37243.

### III. JURISDICTION AND VENUE

4. Federal jurisdiction is invoked on the basis of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the statutory minimum requirement and venue is proper in this Court.

## IV. FACTS

5. In June of 2008, and at all times material hereto, Defendant Epandco owned certain improved real property located at 37 Shepard Street, Nashville, Tennessee 37210 (hereinafter the "Property"). Upon information and belief, the Property is located in a high crime area and, on at least one occasion prior to June 2008, a Contractor working on the Property for Epandco was robbed at gun-point.

6. On or about June 14, 2008, the house located on the Property caught fire and was destroyed.

7. On June 14, 2008, Epandco, acting through its agent, contracted with ASPI to provide twenty-four (24) hour a day "fire watch" surveillance of the Property, at the agreed rate of sixteen dollars ($16) per/hour. ASPI immediately reported to the Property and began providing security services around the clock. The fire watch concluded on June 17, 2008.

8. At the time of the fire, Epandco held an insurance policy with Defendant Nationwide which covered fire damage (the "Policy").

9. When the fire watch ended, on June 17, 2008, Epandco's agent instructed ASPI to stay on the Property until further notice at the same agreed rate of sixteen dollars ($16) per/hour. Upon information and belief, Epandco wanted ASPI to stay on the Property as a deterrent to vandalism and theft while the Property was being rebuilt, but also to ensure the safety of the Contractor hired to rebuild the Property. The Contractor that was hired to rebuild the Property happened to be the same Contractor who was previously robbed at gun-point on the Property, and refused work on the Property unless there was a security presence.

10. ASPI began sending monthly invoices to Epandco, which were payable on a net-30 basis. However, instead of paying the invoices as they became due, Epandco's agents, Mr.

Shlomo Eplboim and Mrs. Daphne Eplboim, repeatedly told ASPI's General Manager, Mr. Samuel Latham, that Epandco had filed a claim with Nationwide under the Policy, and that Epandco would pay ASPI from the Policy proceeds as soon as Nationwide paid Epandco's claim.

11. Epandco had, in fact, filed a timely claim for loss under its Policy with Nationwide, and had begun planning efforts to rebuild or remediate the Property. Nationwide assigned Epandco's claim to its claims adjuster, Mr. Jeff Lewis. Mr. Latham (ASPI's General Manager) frequently visited the Property and on several occasions met and spoke with Mr. Lewis. During those conversations, Mr. Latham repeatedly inquired as to when payment under the Policy would be made by Nationwide to Epandco. Mr. Latham asked these questions to learn when ASPI could expect payment from Epandco on its past due invoices. Mr. Lewis repeatedly assured Mr. Latham that Nationwide wanted ASPI on the Property and that the cost of ASPI's services would be covered by the benefits paid under the Policy. Mr. Latham was also reassured by Epandco's agents, Mr. and Mrs. Eplboim, that payment would be forthcoming once Nationwide paid out Policy benefits pursuant to its claim.

12. Having been reassured by Epandco and Nationwide, through their respective agents, that payment for delinquent invoices would eventually be made, ASPI continued to provide security services to the Property.

13. Epandco, however, began to fall further behind on its payments to ASPI, and in August 2008 Mr. Latham planned to terminate the contract with Epandco for non-payment. However, Nationwide, acting through it agent, Mr. Lewis, promised and assured Mr. Latham that Nationwide would honor Epandco's claim and that Nationwide separately wanted ASPI's

4

continued presence on the Property during the reconstruction period to prevent theft and vandalism and to ensure the safety of the contractors.

14. Mr. Lewis, additionally, specifically promised Mr. Latham that Nationwide would pay ASPI directly for its services rendered to the Property. Were it not for Mr. Lewis' promise that ASPI would be paid directly by Nationwide ASPI would have terminated its contract with Epandco and stopped providing security services to the Property. ASPI reasonably relied on Nationwide's promise in deciding not to terminate security services to the Property in August 2008.

15. Both Epandco and Nationwide appreciated and accepted the benefit of ASPI's services.

16. Thereafter, ASPI sent its monthly invoices to both Epandco and Nationwide. Evidencing the promise of direct payment made by Nationwide, in August 2008, Mr. Lewis directly paid an ASPI invoice for $8,064.00. The direct payment to ASPI confirmed the understanding between ASPI and Nationwide; that Nationwide would pay ASPI directly for providing security services to the Property.

17. Based on the repeated promises of Epandco and Nationwide, acting through their respective agents, ASPI continued to service the Property, on a twenty-four (24) hour-a-day schedule, from June 14, 2008 through February 2, 2009.

18. Upon information and belief, Nationwide paid benefits under the Policy to Epandco in the amount of $241,900.00, with approximately 20% of those funds ear-marked to pay ASPI for the security services it provided, however, those funds were never paid to ASPI. Additionally, Epandco failed to disclose to ASPI that it had received a total and final loss disbursement under the Policy. Even after it had received its total and final disbursement under

5

the Policy, Epandco falsely represented to ASPI that it was still waiting on Nationwide to pay benefits under the Policy.

19. After Nationwide made payment to Epandco under the Policy, the Defendants changed their stories. After Mr. Lewis (Nationwide) had already told Mr. Latham (ASPI) that Nationwide would pay ASPI directly, which was intended to induce reliance by ASPI, Mr. Lewis now stated that ASPI should only look to Epandco for payment. Epandco now stated that ASPI should not look to it for payment, regardless of its prior representations that it would pay ASPI from the Policy proceeds, and now stated that Nationwide would pay ASPI directly and that ASPI should look solely to Nationwide for payment of its past due invoices.

20. After Epandco was paid its final settlement amount under the Policy, which was offered and received as the final amount that would be paid out under the Policy, Epandco denied that it had settled its claim with Nationwide and affirmatively represented to ASPI that it was still waiting to be paid benefits under the Policy.

21. Upon information and belief, Nationwide knowingly induced ASPI to continue servicing the Property by representing it would pay ASPI directly, but all the while Nationwide had no intention of fulfilling its promise of direct payment.

22. As of the date of this filing, neither Defendant has ever complained about, questioned or challenged any aspect of the services provided by ASPI; they both have just refused to pay for the services rendered.

23. To date, Epandco has made only two (2) payments to ASPI for a combined total of $6,000.00. The last payment from Epandco was in March 2009 and was for only $4000.00.

24. To date, Nationwide has made only one (1) payment to ASPI for $8,064.00.

6

25.  As of the date of this filing, the amount outstanding and due to ASPI for the provision of security services, from June 14, 2008 through February 2, 2009, including late fees and interest, is currently $125,788.71. Repeated demands for payment have been made upon both Defendants who point fingers at each other and refuse to pay. This delinquent account caused significant incidental damages to ASPI's business in addition to the lost profits it has suffered.

## VI.  CAUSES OF ACTION

### A.  COUNTS ALLEGED AGAINST DEFENDANT EPANDCO

#### Count I-Breach of Contract

26.  Plaintiff adopts Paragraphs 1 through 25 by reference as is stated verbatim herein.

27.  Defendant Epandco entered into an enforceable verbal contract ASPI (the "Contract").

28.  Epandco breached the Contract by failing to remit monthly payment to ASPI for security services rendered.

29.  Plaintiff ASPI satisfactorily performed its obligations under the Contract and all conditions precedent to Epandco's duty to perform have occurred.

30.  ASPI has suffered damages as a direct result of Epandco's breach of Contract, for which it is entitled to a money judgment from Epandco.

#### Count II-Fraud

31.  ASPI adopts Paragraphs 1 through 30 by reference as if stated verbatim herein.

32.  Epandco, acting through its agent, Mr. Eplboim, knowingly or willingly or recklessly represented to ASPI that it had not received its final disbursement under the Policy with Nationwide with full knowledge that it had received such payment. Epandco made this

7

representation while knowing that Nationwide had no intention of making any further payment under the Policy.

33. Epandco made this false representation to induce ASPI to continue providing security services to the Property while its invoices remained unpaid. Had Epandco disclosed to ASPI that it had been paid under the Policy but still refused to remit payment to ASPI, Epandco knew ASPI would have terminated services to the Property immediately.

34. ASPI reasonably relied on Epandco's representation and suffered damages as a result of Epandco's false representation.

### Count III-Violation of Tennessee Consumer Protection Act of 1977

35. ASPI adopts Paragraphs 1 through 34 by reference as if stated verbatim herein.

36. Epandco's act of deceiving ASPI into believing it had not received a final settlement under the Policy when it had constitutes a violation of the Tennessee Consumer Protection Act of 1977. Tenn. Code Ann § 47-18-101 *et seq*.

37. ASPI lost an ascertainable amount of money or property, real, personal, or mixed, or other articles, commodities, or things of value as a result of Epandco's use or employment of an unfair or deceptive act or practice.

38. Epandco's unfair or deceptive act was intentional, willful or reckless, entitling ASPI to treble damages under Tenn. Code Ann. § 47-18-109(a)(3), and reasonable attorney's fees and costs under Tenn. Code Ann. § 47-18-109(e)(1).

### Count IV-Unlawful Insurance Act

39. ASPI adopts Paragraphs 1 through 38 by reference as if stated verbatim herein.

40. Epandco's act of deceiving ASPI in to believing it has not received a final settlement under the Policy when it had, and its subsequent misappropriation of Policy proceeds

8

which had been designated to pay ASPI for the services it rendered to the Property, constitutes an unlawful insurance act in violation of Tenn. Code Ann. § 56-53-103.

41. Epandco knowingly made false representations and/or withheld or concealed the truth concerning payments made in accordance with the terms of the Policy.

42. ASPI suffered economic injury and injury to its business and/or property as a result of Epandco's violation of Tenn. Code Ann. § 56-53-103, entitling ASPI to compensatory damages and reasonably attorney's fees, related legal expenses, including internal legal expenses and court costs. *See* Tenn. Code Ann. § 56-53-107(a)(1).

## Count V-Insurance Fraud

43. ASPI adopts Paragraphs 1 through 42 by reference as if stated verbatim herein.

44. Epandco, knowingly, and with the intent to defraud, and for the purpose of depriving ASPI of pecuniary gain, deceived ASPI into believing it has not received a final settlement under the Policy when it had, and misappropriated Policy proceeds which had been designated to pay ASPI for services rendered.

45. Epandco's actions were in violation of Tenn. Code Ann. § 56-53-102, entitling ASPI to have Epandco remit the misappropriated funds to ASPI, reasonable attorney's fees and costs, recovery for all other economic damages directly resulting from the violation, reasonable investigative fees and a statutory penalty not to exceed Ten Thousand Dollars ($10,000.000). *See* Tenn. Code Ann. § 56-53-107(b)(1).

## Count VI-Fraudulent Nondisclosure

46. ASPI adopts Paragraphs 1 through 45 by reference as if stated verbatim herein.

47. Upon information and belief, Epandco received and accepted what it knew and understood as the total and final loss disbursement it would receive under the Policy several months before it instructed ASPI to discontinue services to the Property.

48. After receiving and accepting the total and final loss disbursement, Epandco failed to disclose to ASPI that it had received and accepted what it knew and understood as the total and final loss disbursement to be paid under the Policy.

49. At the time Epandco received and accepted the total and final loss disbursement, it knew or believed that Nationwide was not going to directly pay ASPI's outstanding invoices because Nationwide told Epandco that a portion of the Policy benefits being paid as the total and final loss disbursement were ear-marked to pay ASPI's outstanding invoices.

50. Epandco had a duty to disclose to ASPI that it had received and accepted the total and final loss disbursement amount under the Policy, and knew that ASPI would have immediately discontinued services if Epandco persisted in its refusal to remit payment to ASPI after having disclosed to ASPI that it received and accepted total and final loss disbursement amount under the Policy.

### Count VII-Money Had and Received

51. ASPI adopts Paragraphs 1 through 50 by reference as if stated verbatim herein.

52. Epandco is a customer of Nationwide and submitted a claim for loss. Pursuant to Epandco's claim, Nationwide paid benefits under the Policy. A portion of the Policy benefits paid to Epandco were ear-marked for ASPI, but Epandco misappropriated the funds and failed to pay ASPI.

53. In equity and good conscience Epandco ought not to retain the portion of the Policy proceeds which, *ex aequo et bono*, belongs to ASPI.

## B. COUNTS ALLEGED AGAINST DEFENDANT NATIONWIDE

### Count VIII-Breach of Quasi-Contract

54. ASPI adopts Paragraphs 1 through 25 by reference as if stated verbatim herein.

55. ASPI conferred a benefit upon Nationwide when it provided 24-hour security services to the Property. As did Epandco, Nationwide had an interest in preventing vandalism and theft because were it to occur Nationwide would be liable to cover the additional loss, especially in light of the fact that Nationwide knew the Property was located in a high crime area and that on a prior occasion a contractor working on the Property had been robbed at gun-point.

56. Nationwide appreciated and accepted the benefit conferred, evidenced by its Promise of direct payment to ASPI and direct payment of an ASPI invoice. Due to the actions of Nationwide, an enforceable contract between ASPI and Nationwide should be implied-at-law.

57. Due to the size and perceived financial strength of Nationwide, ASPI was lulled into a false sense of security that it could rely on the representations and promises made by Mr. Lewis; that Nationwide wanted ASPI's continued service to the Property and that Nationwide would pay ASPI directly.

58. Under these circumstances, it would be inequitable to allow Nationwide to accept the benefits conferred upon it without obligating it to pay for the value of the benefit.

### Count IX-Quantum Meruit/Unjust Enrichment

59. ASPI adopts Paragraphs 1 through 25 and 54 through 58 by reference as if stated verbatim herein.

60. Even if the Court does not find that an implied-at-law contract existed between Nationwide and ASPI, which ASPI submits it should, in the alternative, the Court should allow

ASPI to recover the value of its services from Nationwide under the equitable doctrine of *quantum meruit*.

61. ASPI conferred a benefit upon Nationwide and Nationwide accepted and appreciated it, and under the circumstances, the parties reasonably understood or should have understood that ASPI continued to provide security services to the Property, in spite of Epandco's failure to pay ASPI invoices as they became due, because Nationwide's agent represented that Nationwide would pay ASPI directly, and followed that representation up with a check for $8064.00.

62. Nationwide knew, and directly created the situation whereby, ASPI expected to receive compensation for its services directly from Nationwide. Under these circumstances, it would be unjust to permit Nationwide to retain the benefit of the services provided without the obligation to pay for the services rendered.

### Count X-Insurance Fraud

63. ASPI adopts Paragraphs 1 through 25 and 54 through 62 by reference as if stated verbatim herein.

64. Nationwide, knowingly, and with the intent to defraud, and for the purpose of depriving ASPI of pecuniary gain, misrepresented to ASPI that it would remit full payment for ASPI's services. However, upon information and belief, Nationwide had no intent to fulfill its promise to ASPI. ASPI's repeated demands for payment have been ignored or refused by Nationwide.

65. Nationwide's actions are in violation of Tenn. Code Ann. § 56-53-102, entitling ASPI to the recovery of reasonable attorney's fees and costs, recovery for all other economic damages directly resulting from the violation, treble damages reasonable investigative fees and a

12

Case 3:09-cv-00785   Document 1   Filed 08/27/09   Page 12 of 15 PageID #: 12

statutory penalty not to exceed Ten Thousand Dollars ($10,000.000). *See* Tenn. Code Ann. § 56-53-107.

### Count XI-Promissory Estoppel/Detrimental Reliance

66. ASPI adopts Paragraphs 1 through 25 and 54 through 65 by reference as if stated verbatim herein.

67. Nationwide, through its agent, Mr. Lewis, made a promise to ASPI that Nationwide would pay ASPI directly for its security services.

68. Nationwide should have reasonably expected its promise to induce reliance on the part of ASPI, and it did in fact induce reliance.

69. ASPI continued to staff personnel at the Property around the clock and incur payroll costs and other expenses, which significantly injured ASPI's financial liquidity and balance sheet. Without funds coming in from this Project, ASPI had to draw down its savings to cover weekly payroll expenses. ASPI was driven to the brink of insolvency as a result of Nationwide's failure to perform its promise of payment.

70. Injustice can only be avoided by enforcement of Nationwide's promise to ASPI of direct payment. The damages suffered by ASPI was foreseeable to Nationwide and ASPI acted reasonably in justifiable reliance on the promise as made.

### Count XII-Violation of the Tennessee Consumer Protection Act of 1977

71. ASPI adopts Paragraphs 1 through 25 and 54 through 70 by reference as if stated verbatim herein.

72. Nationwide's act of misrepresenting to ASPI that it would pay it directly for its services was an unfair and deceptive act prohibited by the Tennessee Consumer Protection Act of 1977. Tenn. Code Ann § 47-18-101 *et seq.*

73. ASPI lost an ascertainable amount of money or property, real, personal, or mixed, or other articles, commodities, or things of value as a result of Nationwide's use or employment of an unfair or deceptive act or practice.

74. Nationwide's unfair or deceptive act was willful or knowing or reckless, entitling ASPI to treble damages under Tenn. Code Ann. § 47-18-109(a)(3), and reasonable attorney's fees and costs under Tenn. Code Ann. § 47-18-109(e)(1).

## VII. PRAYER FOR RELIEF

Plaintiff ASPI prays as follows:

a. That process issue and Defendants Epandco and Nationwide are both summoned to answer the allegations contained herein within the statutory time period or have a default judgment entered against them;

b. That ASPI be allowed to amend this Complaint upon the discovery of additional facts and or information obtained through discovery;

c. That a jury be impaneled to try this civil action;

d. That Defendants be held joint and severally liable for all economic damages suffered by ASPI;

e. That Defendants be found individually liable for each cause of action alleged against them;

14

f. That a judgment be entered against Defendants on all claims alleged against them and that they be ordered to pay ASPI actual or compensatory damages in an amount not less than $125,788.71;

g. That Defendants be ordered to pay ASPI punitive damages and/or exemplary damages in an amount not less than 1.5 times the actual damages awarded or $190,000.00;

h. That Defendants be ordered to pay ASPI treble damages pursuant to its violation of the Tennessee Consumer Protection Act (Tenn. Code Ann.§ 47-18-109(a)(3)), and for Insurance Fraud (Tenn. Code Ann. § 56-53-107(c);

i. That Defendants be ordered to pay ASPI all reasonably attorney's fees, discretionary costs and court costs incurred as a result of their willful and/or reckless tortious and unlawful conduct (Tenn. Code Ann. §§ 47-18-109(e)(1) and 56-53-107);

j. That ASPI be awarded pre-judgment interest and post-judgment interest at the maximum statutory rate; and

k. All such other and further legal and equitable relief to which it may be entitled.

Respectfully Submitted,

LAW OFFICE OF MICHAEL G. HOSKINS, P.C.

_____
Michael G. Hoskins (B.P.R. No.: 024507)
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Phone: (615) 783-1757
Fax: (615) 866-5816
Email: mgh@michaelghoskins.com

*Attorney for Plaintiff Alert Security & Patrol, LLC d/b/a ASPI*